Johnny Frank **GARRETT**,
Petitioner–Appellee,

v.

James A. **COLLINS**, Director, Texas Department of Criminal Justice Institutional Division, Respondent–Appellant.

No. 92–1013.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1992.

Dan Morales, Atty. Gen., Margaret Portman Griffey, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Warren L. Clark, Amarillo, Tex., for petitioner-appellee.

Before HIGGINBOTHAM, DAVIS and JONES, Circuit Judges.

PER CURIAM:

James A. Collins, Director, Texas Department of Criminal Justice, appeals the district court's order staying the execution of Johnny Frank Garrett. That execution is scheduled for January 7, 1992, between midnight and dawn.

The district court's order of January 5 outlines in detail the critical steps which have been taken in this case. In summary, Garrett was sentenced to death following a guilty verdict in a capital murder case and after the jury answered affirmatively the special issues submitted under the Texas Code. That sentence was affirmed by the Texas Court of Criminal Appeals, 682 S.W.2d 301, and the U.S. Supreme Court denied application for a writ of certiorari, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168.

Garrett unsuccessfully prosecuted his first federal habeas corpus petition. Relief under that petition was denied by the district court and that denial was affirmed by this court. *See* 842 F.2d 113 (5th Cir.1988). Garrett raised the following claims for relief in his first federal habeas petition:

1. Denial of his Sixth Amendment right to trial before a jury drawn from a representative cross-section of society through the exclusion for cause of persons with conscientious objections to the death penalty;

2. Denial of the effective assistance of counsel for failure to raise the above issue on appeal;

3. The state suppressed material exculpatory evidence in failing to conduct blood tests on the deceased;

4. Denial of the effective assistance of counsel at trial in failing to seek a competency examination; and

5. Fundamentally defective jury charge, in that it authorized conviction on proof less than that alleged in the indictment.

On January 3, 1992, Garrett filed his second federal habeas petition and motion for stay of execution scheduled for January 7, 1992. In his second habeas petition Garrett sought relief on four claims which are enumerated on page 2 of the district court's January 5 order.

The district court denied relief on all of Garrett's claims presented in his second petition. The court in its January 5 order rejected the first three claims because of abuse of the writ. We agree entirely with the district court's careful analysis in support of its conclusion on these claims. With respect to Garrett's fourth claim that he is mentally incompetent and may not be executed under the standard announced in *Ford v. Wainwright,* the district court also denied habeas relief. 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). The district court concluded, however, that difficult substantial questions were presented with respect to whether Garrett's condition prevented his execution under the *Ford* standard. Accordingly, the court stayed Garrett's execution and issued a certificate of probable cause.

As stated above, we agree with the conclusions and reasons advanced by the district court in support of denial of habeas relief. Our review of the record and our reading of the *Ford v. Wainwright* standard, however, leads us to disagree with the district court's conclusion that substantial questions exist with respect to the correctness of the court's conclusion on Garrett's *Ford v. Wainwright* claim.

As the district court noted, the psychiatric testimony makes it clear that Garrett (1) understands the nature of the proceedings against him and (2) understands that the state is seeking to execute him and the reasons the state seeks this penalty. Garrett's counsel argues however that Garrett is not fully aware of the consequences of the death penalty because he believes his dead aunt will protect him from the effects of the sedative and toxic agents used.

For reasons that follow, we are persuaded that this belief or hope Garrett holds does not prevent the state from executing him under the *Ford v. Wainwright* standard.

First, the state habeas court rejected Garrett's contention that he is incompetent to be executed under *Ford v. Wainwright.* The state court held a complete hearing on Garrett's second habeas petition in February 1989, and heard testimony of Dr. Wendell Dickerson concerning his report attached as an exhibit to Garrett's second federal petition. The state court's findings are entitled to a presumption of correctness under 28 U.S.C. Section 2254(d). *Ford.* The state habeas court found: "9. The court finds the applicant's ninth allegation totally without merit based on the testimony of applicant's own witness, who testified at the evidentiary hearing that the applicant was then and is presently competent. The court having found the applicant to be presently competent, his execution would not violate his right to due process of law." This finding is supported by the evidentiary record. Garrett's principal psychiatric witness admitted that while Garrett was buffered by his belief that his aunt would save him, Garrett knew that "when that needle goes into his arm that it's possible for him to suffer death." (Rec. I, page 185.)

We are persuaded that the state habeas court was entitled to find as a matter of fact that despite the hope of being saved by his aunt, Garrett was not so incompetent that the state could not execute him. The court was entitled to find that he "comprehends the nature of the penalty" and had no mental illness which "prevents him from comprehending the reasons for the penalty or its implication." *Ford,* 477 U.S. at 417, 106 S.Ct. at 2606. We are also persuaded that the hope of escaping death through the supernatural intervention of his aunt does not prevent him from preparing for his passing. Thus, we do not view Garrett's hope of being saved from death by his aunt as sufficient to prevent his execution under the standard set forth by Justice Powell in his concurring opinion in *Ford.* "If the defendant perceives the connection between his crime and his punishment, the retributive goal of the criminal law is satisfied, and only if the defendant is aware that his death is approaching can he prepare himself for his passing. Accordingly, I would hold that the Eighth Amendment forbids the execution only of those who are unaware of the punishment they are about to suffer and why they are to suffer it." *Id.* at 422, 106 S.Ct. at 2608 (Powell, J., concurring).

In summary, in this successive federal habeas petition, we are unable to find a substantial ground upon which relief might be granted. *See Barefoot v. Estelle,* 463 U.S. 880, 895, 103 S.Ct. 3383, 3395–3396, 77 L.Ed.2d 1090 (1983); *Delo v. Stokes,* 495 U.S. 320, 110 S.Ct. 1880, 109 L.Ed.2d 325 (1990). Accordingly, we grant Collins' motion to vacate the stay of execution entered by the district court on January 5, 1992. We also vacate as improvidently granted the certificate of probable cause entered by the district court on that same date.