IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-60067

_____

HAROLD AMOS BARNARD, JR.,

Petitioner-Appellant,

v.

JAMES A. COLLINS, Director, Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____

On Application for Certificate of Probable Cause
and Motion for Stay of Execution
Appeal from the United States District Court
for the Southern District of Texas
_____

(January 31, 1994)

Before KING, JOLLY, and SMITH, Circuit Judges.

KING, Circuit Judge:

Harold Amos Barnard, Jr., a death-row inmate in the Texas
Department of Criminal Justice (TDCJ), Institutional Division,
filed his second petition for federal habeas corpus relief,
pursuant to 28 U.S.C. § 2254, in the United States District Court
for the Southern District of Texas on January 27, 1994.  Barnard
is scheduled to be executed after midnight on February 2, 1994.
Barnard requested that the district court stay his execution,
hold an evidentiary hearing on the issue of his competency, and
issue a writ of habeas corpus vacating his death sentence.
Barnard also requested that the district court appoint counsel

for him pursuant to 21 U.S.C. § 848(q)(4)(B).  On January 28, 1994, the district court denied Barnard all relief and a certificate of probable cause (CPC).  Barnard then filed a notice of appeal to this court, along with an application for a CPC, a motion to stay his execution, and a renewed motion for appointment of counsel.  Although the district court denied relief on the ground that Barnard had abused the writ, we do not reach this question in our consideration of his entitlement to a CPC and a stay of execution, but instead hold that Barnard has not made a substantial showing of the denial of a federal right. Thus, we deny his application for a CPC and his motion to stay his execution.  We reverse the district court's denial of counsel, and in the light of Barnard's exigent circumstances, we grant his motion to appoint counsel.

## I.  BACKGROUND

A jury convicted Barnard of capital murder on April 1, 1981, for the killing of sixteen-year-old Tuan Nguyen during a robbery of a convenience store in Galveston, Texas, on June 6, 1980.[1] After a punishment hearing, the jury affirmatively answered the three special issues submitted pursuant to Texas law, thereby requiring that Barnard be sentenced to death.

On April 8, 1987, the Texas Court of Criminal Appeals affirmed Barnard's conviction, and on July 17, 1987, the state trial court pronounced Barnard's death sentence and set his

---

[1] A more detailed recitation of the facts can be found in Barnard v. State, 730 S.W.2d 703 (Tex. Crim. App. 1987), cert. denied, 485 U.S. 929 (1988).

2

execution for September 23, 1987.  On February 29, 1988, the
Supreme Court denied Barnard's petition for writ of certiorari.
See Barnard v. State, 730 S.W.2d 703 (Tex. Crim. App. 1987),
cert. denied, 485 U.S. 929 (1988).

The Texas Court of Criminal Appeals denied Barnard's first
petition for state habeas corpus relief on January 6, 1989, and
Barnard's execution was rescheduled for March 14, 1989.  On
February 21, 1989, Barnard filed a petition for federal habeas
corpus relief and an application for stay of execution in the
United States District Court for the Southern District of Texas.
The district court stayed the execution pending its consideration
of Barnard's petition.

On December 12, 1989, the district court entered a final
judgment dismissing the petition for a writ of habeas corpus and
lifting the stay of execution.  After Barnard filed a notice of
appeal, the district court granted a CPC and entered a stay of
execution on February 7, 1990.

On appeal, Barnard contended that the district court erred
in rejecting his claims that (1) the Texas death sentencing
statute prevented the jury in his case from considering and
giving effect to his mitigating evidence in violation of the
Sixth and Eighth Amendments to the United States Constitution
under Penry v. Lynaugh, 492 U.S. 302 (1989); (2) the state trial
court's instruction on temporary insanity caused by intoxication
prevented the jury from giving any mitigating consideration to
this evidence unless Barnard proved that he was so intoxicated

3

that he was insane at the time of the offense; (3) evidence of his good character--including evidence of his carpentry skills, work history, and familial responsibility and support--was not adequately treated within the special issues; and (4) Barnard had received ineffective assistance of counsel.  Finding no error, a panel of this court affirmed the district court's denial of habeas relief and vacated the stay of execution.  Barnard v. Collins, 958 F.2d 634, 643 (5th Cir. 1992), cert. denied, 113 S. Ct. 990 (1993).  Rehearing was denied on May 22, 1992.  Barnard v. Collins, 964 F.2d 1145 (5th Cir. 1992).  The state trial court rescheduled Barnard's execution for March 16, 1993.

The Supreme Court denied certiorari review of Barnard's petition for federal habeas relief on January 11, 1993.  Barnard v. Collins, 113 S. Ct. 990 (1993).  On March 8, 1993, the Supreme Court also denied Barnard's application for a stay of execution and petition for rehearing, in which he reargued his Penry claim in light of the Court's decision in Graham v. Collins, 113 S. Ct. 892 (1993).

On March 10, 1993--six days before his then current execution date and nearly five years after the execution date which was set after Barnard's conviction became final--Barnard filed his second petition for state habeas relief, in which he asserted that he was incompetent to be executed under Ford v. Wainwright, 477 U.S. 399 (1986), and that the Texas special issues did not allow the jury to reflect adequately the mitigation value of his proffered evidence.  He also argued that

4

Article 8.04(b) of the Texas Penal Code, which the judge read to the jury as an instruction at the sentencing phase of the trial, was unconstitutional both on its face and as applied. On March 15, 1993, the state court issued its findings and conclusions, recommending that habeas relief be denied. Later that same day, the Texas Court of Criminal Appeals granted Barnard a stay of execution.

On May 11, 1993, the Texas Court of Criminal Appeals ordered the state trial court to hold an evidentiary hearing on Barnard's claim that he was incompetent to be executed. That hearing was held on July 22, 1993. The trial court then issued its findings and conclusions and recommended that Barnard's petition for habeas relief be denied on September 29, 1993. On November 8, 1993, the Texas Court of Criminal Appeals adopted the trial court's findings and conclusions and denied Barnard's petition for habeas relief. Barnard's execution date was then rescheduled for February 2, 1994.

On January 27, 1994, Barnard filed his second habeas petition in federal district court. He requested that the district court stay his execution, hold an evidentiary hearing to determine whether Barnard was competent to be executed, and issue a writ of habeas corpus vacating his death sentence. The attorney who had filed Barnard's second federal habeas petition also requested that the district court appoint him to represent Barnard pursuant to 21 U.S.C. § 848(q)(4)(B). On January 28, 1994, the district court denied Barnard all relief, denied

5

Barnard a CPC, and denied his attorney's motion for appointment of counsel. Barnard then filed a notice of appeal with this court, along with an application for a CPC, a motion to stay his execution, and a renewed motion for appointment of counsel.

## II. COMPETENCY ISSUE

In response to Barnard's petition, the State moved to dismiss the petition as an abuse of the writ, pursuant to Rule 9(b), Rules Governing Section 2254 Cases. Under Rule 9(b), a second or successive petition in which new grounds for relief are alleged may be dismissed if the petitioner's "reasonable and diligent investigation" would have resulted in his presenting these grounds in a previous habeas petition. See McCleskey v. Zant, 499 U.S. 467, 493 (1991). Once abuse of the writ has been pleaded by the State, raised by the district court sua sponte or raised as required in Hawkins v. Lynaugh, 862 F.2d 487, 489 (5th Cir.), stay granted, 109 S. Ct. 569 (1988), vacated and remanded on other grounds, 110 S. Ct. 1313 (1990), the petitioner must show by a preponderance of the evidence that he has not abused the writ or otherwise violated Rule 9(b). Andre v. Guste, 850 F.2d 259 (5th Cir. 1988); Johnson v. McCotter, 803 F.2d 830, 832 (5th Cir. 1986).

According to the district court, it was clear from the evidence put forth by Barnard that he could not meet this burden. The district court found that although there was some evidence that Barnard's condition had persistently worsened over the years, it was abundantly clear that the question of his

6

competency to be executed was extant at the time of his first habeas petition because "Barnard's habeas counsel have known and asserted for years that Barnard's sanity is questionable." Thus, because the district court determined that Barnard failed to demonstrate good cause for his failure to raise the issue of his competency in his earlier writ, the court dismissed Barnard's petition on grounds that he had abused the writ.

We need not reach the question of whether Barnard abused the writ for purposes of his entitlement to habeas relief on the merits. Even if we assume _arquendo_ that Barnard did not abuse the writ, we find that Barnard has not made a substantial showing of a denial of a federal right, and thus we deny his application for a CPC and his motion to stay his execution.

*Standard of Review*

This court reviews an application for a CPC using the same standard as that used by the district court in the first instance. That is, we will grant a CPC to appeal only if the applicant can make a substantial showing of a denial of a federal right. <u>Barefoot v. Estelle</u>, 463 U.S. 880. 893 (1983); <u>Drew v. Collins</u>, 5 F.3d 93, 95 (5th Cir. 1993), <u>petition for cert. filed</u> (Jan. 5, 1994). This standard does not require the applicant to show that he would prevail on the merits, but it does require him to show that the issues he presents are debatable among jurists of reason. <u>Barefoot</u>, 463 U.S. at 893 n.4; <u>Drew</u>, 5 F.3d at 95. The same standard essentially applies to an application for a stay of execution. <u>Drew</u>, 5 F.3d at 95 (citing <u>Delo v. Stokes</u>,

7

495 U.S. 320, 321 (1990) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" (quoting Barefoot, 463 U.S. at 895))).

*Discussion*

Barnard argues that his application for CPC should be granted because he is presently incompetent to be executed under Ford v. Wainright, 477 U.S. 399 (1986). He asserts that the state trial court's finding that Barnard was competent to be executed, issued after an evidentiary hearing held on July 22, 1993, is not entitled to be given a "presumption of correctness" in federal court because the state court's treatment of the competency issue was not "full and fair."

Section 2254(d) directs federal habeas courts to presume the correctness of a state court

> determination after a hearing on the merits of a factual issue . . . unless the applicant shall otherwise establish or it shall otherwise appear, or the respondent shall admit
>
> .        .        .        .        .        .
>
> (1) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing; . . .
> (8) or unless . . . the Federal court on a consideration of such part of the record as a whole [on which the factfinding was based] concluded that such factual determination is not fairly supported by the record.

28 U.S.C. § 2254(d); see Sumner v. Mata, 449 U.S. 539, 546-47 (1981). A state court's conclusion regarding a petitioner's competency to be executed is entitled to such a presumption.

8

Garrett v. Collins, 951 F.2d 57, 59 (5th Cir. 1992); see Ford, 477 U.S. at 410-411.

The state habeas court found, after a full evidentiary hearing in which the court was able to review both live and affidavit testimony, that Barnard was competent to be executed under the Ford standard, i.e., that a prisoner must understand the fact of his impending execution and the reason for it.[2] During the hearing, at which Barnard was present but did not testify, Barnard presented, in addition the testimony of his former attorney, the live medical testimony of Dr. Philip Murphy, a psychologist, and Dr. Allen Childs, a psychiatrist, both of whom had recently interviewed Barnard.[3] They agreed that Barnard suffers from delusions that he is being persecuted by various minority groups. In rebuttal, the State presented the live testimony of Dr. Edward B. Gripon, who had been ordered by the court to examine Barnard and who testified that although Barnard suffered serious delusions, Barnard understood the fact of his

---

[2] This court has determined that the plurality opinion in Ford was made a majority opinion by the concurring opinion of Justice Powell, whose enunciated standard for competency to be executed was that a person know the fact of his impending execution and the reason for it. Lowenfield v. Butler, 843 F.2d 183, 187 (5th Cir. 1988). Accordingly, this court has adopted the standard as enunciated by Justice Powell as the Ford standard. See, e.g., Garrett v. Collins, 951 F.2d 57 (5th Cir. 1992); Lowenfield, 843 F.2d at 187.

[3] Although Barnard had also submitted other medical reports and affidavits to the state trial court, the court found that only the reports of Drs. Murphy and Childs related to a current diagnosis of Barnard.

9

impending execution and the reason for it.  In one of its factual

findings, the state court stated that

> [b]ased on the reports and evaluations and testimony of
> Applicant's and the Court's mental health experts, Texas
> Department of Criminal Justice medical records, and the
> sworn statements of TDCJ personnel, the Court finds that
> Applicant comprehends the <u>nature, pendency, and purpose of
> his execution</u>.  Applicant knows that he was found guilty of
> killing a young boy in a robbery in Galveston County and
> that <u>his pending execution was because he had been found
> guilty of that crime</u>.  He knew of the date of his scheduled
> execution and that it would be lethal injection by use of an
> intravenous injection.  Applicants' experts do not establish
> that he is unaware of the fact of or the reason for his
> impending execution, but rather that his perception of the
> reason for his conviction and pending execution is at times
> distorted by a delusional system in which he attributes
> anything negative that happens to him to a conspiracy of
> Asians, Jews, Blacks, homosexuals, and the Mafia (emphasis
> added).

The state court thus found that Barnard knew that he was going to

be executed and why he was going to be executed--precisely the

finding required by the <u>Ford</u> standard of competency.[4]

Barnard contends that this finding should not be given a

presumption of correctness under § 2254(d) because the trial

court's hearing could not possibly have been "full and fair" if

the trial court ignored the testimony of seven impartial

---

[4] We note that Barnard's reliance on the Supreme Court's
decision in <u>Godinez v. Moran</u>, 113 S. Ct. 2680 (1993), for the
proposition that the standard for a prisoner's competency to be
executed should include an "assistance prong" is misplaced.  In
<u>Godinez</u>, the Supreme Court held that the competency standard in
the context of standing trial or in the context of waiving one's
right to counsel or pleading guilty were the <u>same</u>:  that a
defendant have a sufficient present ability to consult with his
lawyer with a reasonable degree of rational understanding and a
rational as well as factual understanding of the proceedings
against him.  <u>Id.</u> at 2686.  The <u>Godinez</u> Court did not, however,
mandate the addition of an "assistance prong" to the standard for
determining whether a person was competent to be executed.

witnesses in favor of one court-appointed witness.  However, we agree with the district court that an unexpected outcome does not automatically render the state procedure unfair--especially when Barnard was afforded a full-blown evidentiary hearing.  We thus find meritless Barnard's contention that Texas did not afford him a "full and fair" proceeding.

Barnard also argues that the state court's finding of competence should not be given a presumption of correctness because such a determination is not "fairly supported by the record."  This argument, too, is without merit.  Although the state court had before it various affidavits and doctors' reports on Barnard's competency which Barnard had filed, the court found that only the reports of Drs. Murphy and Childs--who gave live testimony for Barnard at the hearing--related to Barnard's current diagnosis.  Dr. Gripon, who testified for the State and who had recently reviewed Barnard's medical records and interviewed Barnard, also gave live testimony related to Barnard's current diagnosis.  This court has made it clear that "deference to a state court's findings is particularly important 'where a federal court makes its determinations based on the identical record that was considered by the state appellate court.'"  Self v. Collins, 973 F.2d 1198, 1213 (5th Cir. 1992) (quoting Sumner, 449 U.S. at 547), cert. denied, 113 S. Ct. 1613 (1993).  Section 2254(d) "'gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court'" or to disagree with the

11

weight the state court gave to the testimony of those witnesses whose demeanor the federal habeas court did not observe.  Id. at 1214 (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)).

Barnard also argues that the state court's finding of competency should not be given § 2254(d) deference because such a finding is a mixed question of law and fact and thus not subject to a presumption of correctness under § 2254(d).  The cases to which Barnard cites for support of this argument, however, concern the issue of competency to stand trial and not the issue of competency to be executed.  This court has previously determined that a state court's finding of competency to be executed is entitled to a presumption of correctness under § 2254(d).  See Garrett, 951 F.2d at 59; see also Ford, 477 U.S. at 410-11 (explaining that a federal habeas court is required to hold an evidentiary hearing on the issue of the petitioner's competency to be executed if the petitioner shows that one of the statutory exceptions to § 2254(d) is applicable in his specific case).  Even if we were to conclude, however, that competency to be executed is a mixed question of law and fact, the pure factfindings that underlie the state court's determination that Barnard is competent to be executed are entitled to a presumption of correctness, and based on those factfindings, we would reach the same legal conclusion.

For the foregoing reasons, we cannot determine that Barnard has made a substantial showing of a denial of a federal right.

12

Accordingly, we deny his application for a CPC and his motion to stay his execution.[5]

### III. APPOINTMENT OF COUNSEL UNDER § 848(q)

Barnard also argues that the district court erred in denying his motion to have counsel appointed for him, pursuant to 21 U.S.C. § 848(q)(4)(B).[6] Although we did not address the question whether Barnard abused the writ for purposes of his entitlement to habeas relief on the merits, we address the question of abuse of the writ here in relation to the district court's denial of counsel's motion to be appointed under § 848(q)(4)(B).

The district court dismissed Barnard's petition for abuse of the writ because the court determined that it was "abundantly clear" that the question of Barnard's sanity was extant at the time of the filing of his first habeas petition. Nonetheless, we note that the issue of Barnard's sanity was not urged at trial (Barnard himself testified at trial) or on direct appeal to the Texas Court of Criminal Appeals, except as it was incident to his claims relating to voluntary intoxication. We also note that more than five years has transpired since Barnard's first

---

[5] We note that the district court ordered that the parties file no further pleadings in the district court on the issues raised by Barnard's second habeas petition and associated filings, "including motions to reconsider and the like." The Federal Rules of Civil Procedure give litigants the right to file certain post-judgment motions, and we think it ill-advised to issue such a directive as a routine matter.

[6] Although a CPC is required in order to appeal the denial of habeas corpus relief, there is no such requirement in order to appeal the denial of the appointment of counsel under § 848(q)(4)(B). See Moreno v. Collins, No. 94-50026, slip op. at 3 n.1 (5th Cir. 1994).

13

scheduled execution date after his conviction became final and that by the district court's own admission, there is evidence in the record that Barnard's condition has persistently worsened over the years.

Further, Texas employs its own abuse of the writ doctrine, which requires in certain instances that a petitioner show "good cause" why claims urged in a second or successive petition were not urged earlier or face dismissal of those claims. See TEX. CODE CRIM. P. art. 11.07 (Vernon 1977 & Supp. 1993); Ex parte Emmons, 660 S.W.2d 106, 110 (Tex. Crim. App. 1983); Ex parte Carr, 511 S.W.2d 523, 525-26 (Tex. Crim. App. 1974). Although the showing of "good cause" which Texas requires may well not be the same as the showing of "cause and prejudice" required in federal cases, we find it relevant that abuse of the writ was not raised at the state level with respect to Barnard's claim of incompetency to be executed in his second state habeas petition and that the Texas Court of Criminal Appeals stayed Barnard's execution on the eve of the set execution date and mandated an evidentiary hearing on the issue of competency.

Moreover, our research indicates no reported decision in which a federal circuit court or the Supreme Court has denied relief of a petitioner's competency-to-be-executed claim on grounds of abuse of the writ. Assuming without deciding that the abuse of the writ doctrine is nonetheless applicable to a petition for federal habeas relief premised on a Ford claim, the district court's determination that Barnard's claim constituted

14

an abuse of the writ because he could not show "cause and prejudice" for his failure to raise this claim in his earlier petition seems premature in the absence of an evidentiary hearing or other appropriate proceeding to determine exactly when Barnard's counsel could have discovered through reasonable diligence and investigation that Barnard was incompetent to be executed.[7]  Because the determination of Barnard's competency to be executed is a fact-intensive inquiry, the point at which Barnard's counsel should have initiated that inquiry is equally fact-intensive.  Although after a hearing, the district court might be in a position to conclude that Barnard's competency claim should have been raised in his first round of state and federal habeas petitions (initiated in October 1988), we cannot say, absent a more complete factual development, that this is true.

With the foregoing discussion in mind, we believe that the district court was incorrect in denying counsel's motion for

_____

[7] In McCleskey v. Zant, the Supreme Court applied the "cause and prejudice" analysis it had adopted for cases of procedural default to an abuse of the writ inquiry.  111 S. Ct. at 1470. Thus, the Court determined that to excuse his failure to raise a claim in a previous habeas petition, the petitioner had to show cause for not raising his claim earlier or face dismissal of his petition for abuse of the writ.  Id.  "The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."  Id. (emphasis added).  The Court also stated that "if petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." Id.

15

appointment under 21 U.S.C. § 848(q)(4)(B). On its face, § 848(q)(4)(B) does not condition the appointment of counsel on the substantiality or nonfrivolousness of petitioner's habeas claims.[8] Compare 21 U.S.C. § 848(q)(4)(B) with 28 U.S.C. § 1915(d) ("The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."). Even if judicial interpretation of § 848(q)(4)(B) may later condition the appointment of counsel on some level of substantiality or nonfrivolousness in a petitioner's habeas claims, we cannot say that in the instant case, without the benefit of a hearing on the subject of whether counsel should have raised earlier the matter of his competency to be executed, Barnard's competency claim was such that the district court should have denied counsel's motion for appointment under § 848(q)(4)(B). The district court therefore erred in denying counsel's motion on abuse of the writ grounds. Counsel has a similar motion pending in this court, and in view of the shortness of time remaining before his execution, we grant the motion.

---

[8] Section 848(q)(4)(B) provides in pertinent part that [i]n any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services . . . .

16

The district court will be required to hold a hearing at some future date to determine whether and in what amount fees are to be awarded Barnard's appointed counsel. As the district court is already aware, counsel waited more than ten weeks from the time the Court of Criminal Appeals denied Barnard relief on his second state habeas petition to file a second federal habeas petition and a motion to be appointed with the district court-- only a few days before Barnard's scheduled execution. At the hearing, the district court should determine whether counsel, as an officer of the court, had good cause for delay in filing Barnard's second habeas petition and if not, whether the amount of fees to which counsel would otherwise be entitled should be reduced as a sanction. See Thomas v. Capital Security Servs., Inc., 836 F.2d 866, 878 (5th Cir. 1988) (en banc) ("[T]he basic principle governing the choice of sanctions is that the least severe sanction adequate to serve the purpose should be imposed.").

IV.  CONCLUSION

For the foregoing reasons, we DENY Barnard's application for a CPC and his motion for stay of execution. We REVERSE that portion of the district court's order denying appointment of counsel under § 848(q)(4)(B). We grant the motion for appointment of counsel under § 848(q)(4)(B) and Barnard's application for in forma pauperis status.

17