**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-41121**
_____

**MONTY ALLEN DELK,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS**
**DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(1:98-CV-1583)**
_____

August 13, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Monty Allen Delk, convicted for capital murder and sentenced to death, seeks a certificate of appealability to appeal the denial of federal habeas relief. **DENIED.**

I.

In 1988, a Texas jury convicted Delk for capital murder. The evidence at trial was: in November 1986, Delk contacted the victim in Texas about purchasing an automobile advertised for sale in a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

newspaper; after the victim met Delk with the vehicle on 29 November, the victim's wife saw the victim and Delk in the vehicle, with Delk driving it; a few hours later, the victim was discovered, with a fatal shotgun wound; Delk was arrested on 2 December, after a police officer observed the victim's vehicle at a house in Louisiana where Delk was located; included among the items in Delk's possession were a copy of the newspaper advertisement, a sawed-off shotgun, the victim's car keys, and a photograph of the victim's wife, which the victim had carried in his wallet. *Delk v. State*, 855 S.W.2d 700, 702-03 (Tex. Crim. App. 1993).

At the penalty phase, the State's evidence included Delk's estranged wife, Tina Delk, and her brother, Richard Frye, testifying Delk had previously contemplated committing similar crimes, and had told them he had killed a man in Florida; and Delk's mother-in-law, his wife's former employer, and two of his former co-workers testifying Delk had threatened them. *Id*. at 708. Based on the jury's affirmative answers to the special issues regarding deliberateness and future dangerousness, Delk was sentenced to death. *Id*. at 702. On direct appeal, the Texas Court of Criminal Appeals affirmed the conviction and sentence. *Id*. at 712. The Supreme Court denied certiorari. *Delk v. Texas*, 510 U.S. 982 (1993).

Delk sought state habeas relief in 1997. After conducting hearings that September and November, the trial court, in February

2

1998, recommended denial of relief. ***Ex parte Delk***, No. 19277-A (3d Jud. Dist. Ct., Anderson County, Tex. 3 Feb. 1998) (unpublished). That April, the Court of Criminal Appeals denied relief without a written order. ***Ex parte Delk***, No. 36,617-01 (Tex. Crim. App. 15 Apr. 1998).

That August, Delk sought federal habeas relief, raising 21 issues. Relief was denied in March 2000.

Delk sought a certificate of appealability (COA) from the district court as to eight issues: (1) "Whether [he] is presently competent to proceed at federal habeas"; (2) "Whether [he] was competent to proceed at state habeas"; (3) "Whether the results of the state and federal habeas proceedings initiated by [appointed habeas counsel] are binding upon him by reason of assent or acquiescence"; (4) "Whether flaws in the fact finding process used by the Texas court regarding [his] competence preclude [a federal court] from according deference to the state court findings"; (5) "Whether an evidentiary hearing regarding [his] competence, with the attendant funding for experts and discovery, is required to be conducted in [district] court"; (6) "Whether a remand to this [(district?)] court for an evidentiary hearing regarding [his claims under ***Brady v. Maryland***, 373 U.S. 83 (1963), and ***Strickland v. Washington***, 466 U.S. 668 (1984)], with the attendant funding for experts, discovery, and compulsory process, is required"; (7) "Whether the summary excusal of the nine [venire members] with

doubts about the death penalty requires a new trial"; and (8) "Whether [his] juror claims are procedurally barred...." The district court denied a COA for each issue.

Delk seeks a COA from our court on ten issues. But, only four of those ten were included in his COA requests to the district court. The ten issues, in the order presented here, are: (1) "Whether the Texas Court of Criminal Appeals' post-conviction refusal to fund a thorough mental health examination denied [him] full and fair consideration of his claim of incompetence to proceed at state habeas, which rendered the state evidentiary record incomplete and unreliable, and its competence finding unworthy of deference ..." (in district court COA request); (2) "Whether the District Court erred in refusing to fund and conduct its own mental health examination and evidentiary hearing [on his] claim of [his] incompetence to proceed at federal habeas" (in district court COA request); (3) "Whether the District Court erred in finding [him] competent to be executed ..." (not in district court COA request); (4) "Whether [trial counsel rendered ineffective assistance by] fail[ing] to investigate [his] medical and mental health background ..." (not in district court COA request); (5) "Whether the trial court [erred by] excusing for 'cause' ... nine [venire members based on their views regarding the death penalty] ..." (in district court COA request); (6) "Whether [trial counsel rendered ineffective assistance by] fail[ing] to attempt to rehabilitate the nine excused [venire members] ..." (not in district court COA

4

request); (7) "Whether the Texas Court of Criminal Appeals' refusal, at state habeas, to fund needed discovery, and compel the attendance of ... witnesses ... [at the state evidentiary hearing] denied [him] full and fair consideration of his **Brady** and **Strickland** claims, which rendered their denial unworthy of deference by the ... District Court" (in district court COA request); (8) "Whether the prosecutors violated the Due Process Clause by withholding from the defense impeaching information bearing on the reliability of the 'future dangerousness' testimony of Tina Delk" (not in district court COA request); (9) "Whether [trial counsel rendered ineffective assistance] by failing to investigate the background of ... Richard Frye and Tina Delk" (not in district court COA request); and (10) "Whether the trial judge violated the Due Process Clause and the Eighth Amendment by 1) failing to inform the sentencing jury that Mr. Delk would serve a minimum of 20 years before parole eligibility, and 2) falsely informing a prison community jury that Mr. Delk would actually be imprisoned for life if [he did not receive the death penalty]" (not in district court COA request).

Because Delk did *not* seek a COA from the district court for issues 3, 4, 6, and 8-10, we do *not* have jurisdiction to consider those COA requests.[2] *See* **Goodwin v. Johnson**, 224 F.3d 450, 459 n.6

---

[2]Although the State does not assert a jurisdictional bar to consideration of any of the issues for which Delk seeks a COA, we, of course, have a duty to consider our jurisdiction *sua sponte*.

(5th Cir. 2000) ("before we may consider a petitioner's application for a COA on a particular issue, that petitioner must first submit his request to the district court and have that request denied"), *cert. denied*, 121 S. Ct. 874 (2001); **Sonnier v. Johnson**, 161 F.3d 941, 946 (5th Cir. 1998) ("Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal."); **Whitehead v. Johnson**, 157 F.3d 384, 387-88 (5th Cir. 1998) (consideration of merits of issue not addressed in district court's COA determination "would run afoul of the requirement that initially the district court deny a COA as to each issue presented by the applicant"); **Muniz v. Johnson**, 114 F.3d 43, 45 (5th Cir. 1997) ("district court must deny the COA before a petitioner can request one from this court"; COA which does not specify issues warranting appellate review "is insufficient to vest jurisdiction in this court"). Moreover, in addition to not seeking a COA in district court on the **Brady** claim that is the subject of issue 8 in Delk's COA application here, the **Brady** claim was not raised in district court as a ground for habeas relief. *See* **Beazley v. Johnson**, 242 F.3d 248, 271 (5th Cir.) (habeas claim not raised in district court cannot be considered when raised for first time on appeal), *petition for cert. filed,* __

---

*E.g.,* **Burt v. Ware**, 14 F.3d 256, 257 (5th Cir. 1994).

U.S.L.W. __ (U.S. 13 June 2001) (No. 00-10618). Accordingly, we consider Delk's COA requests only for issues 1, 2, 5, and 7.[3]

II.

Because Delk sought appellate review of the denial of habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "the right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)". *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). To obtain a COA, Delk must make "a substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2). For that showing, Delk must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further". *Slack*, 529 U.S. at 484 (internal quotation marks omitted). For claims as to which the district court denied relief on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong". *Id*. To the extent the district court rejected a claim on procedural grounds without reaching the

---

[3]In the alternative, even assuming the six new COA requests are subsumed within those presented to the district court, we would *not* grant a COA for any of them, essentially for the reasons stated in the denial by the district court of habeas relief on these or similar issues, and because Delk fails to satisfy the standards for granting a COA, discussed *infra*.

7

underlying constitutional issue, Delk must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling". *Id.*

"[T]he determination of whether a COA should issue must be made by viewing [Delk]'s arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)". ***Barrientes v. Johnson***, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 121 S. Ct. 902 (2001). When a claim has been adjudicated on the merits in state court, a federal habeas court must defer to the state court's decision unless it "[is] contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... [is] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. § 2254(d)(1) & (2).

A decision is "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States ... if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts". ***Williams v. Taylor***, 529 U.S. 362, 412-13 (2000). A decision "involve[s] an unreasonable application of []

8

clearly established Federal law, as determined by the Supreme Court of the United States ... if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case". *Id*. A state court's findings of fact are presumed to be correct unless the petitioner rebuts the presumption by "clear and convincing evidence". 28 U.S.C. § 2254(e)(1).

A.

COA request 1 concerns Delk's claim that the Court of Criminal Appeals' post-conviction refusal to fund a thorough mental health examination denied him full and fair consideration of his claim of incompetence to proceed at state habeas, which rendered the state evidentiary record incomplete and unreliable, and its competence-finding unworthy of deference.

The state habeas court found Delk did not meet his burden of proving he was either incompetent to assist his habeas counsel or had insufficient ability to understand either factually or rationally the proceedings against him. The district court adopted the magistrate judge's recommendation that this finding was not unreasonable, in the light of the evidence presented at the state habeas evidentiary hearing, including: Delk has a history of manipulation; he finds it in his best interest to appear incompetent when an audience is available; and, if he wishes to do so, he has the ability to consult with his lawyer with a reasonable

9

degree of rational understanding. The district court concluded: Delk was given an adequate opportunity to present his factual claims to the state court; and the state habeas court's finding that Delk was competent to proceed at state habeas was supported by testimony at the state habeas evidentiary hearing, which demonstrated Delk is coherent when he wants to be and has been diagnosed as feigning mental illness in order to avoid execution.

Delk is not entitled to a COA on this claim because he has not demonstrated that "reasonable jurists would find the district court's assessment of [this] claim[] debatable or wrong". *Slack*, 529 U.S. at 484. He cites *no* authority for the proposition that the Constitution requires a death row inmate to be mentally competent to assist counsel in pursuing state habeas relief or to participate in state habeas proceedings. Along this line, our court has noted that the Supreme Court has *not* mandated addition of an "assistance prong" to the standard for determining *competency to be executed*. *See* **Barnard v. Collins**, 13 F.3d 871, 877 n.4 (5th Cir.), *cert. denied*, 510 U.S. 1102 (1994). Therefore, Delk seeks the announcement of a new rule of criminal procedure which cannot be applied retroactively on collateral review (**Teague**-barred). *See, e.g.*, **Caspari v. Bohlen**, 510 U.S. 383, 389 (1994) (federal court may *not* grant "habeas relief to a state prisoner based on a rule announced after his conviction and sentence became final");

*Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality). Delk does not claim an exception to this nonretroactivity principle.

Although the state habeas court conducted an evidentiary hearing to determine Delk's competency to proceed at state habeas, it was not constitutionally required to do so. Accordingly, Delk is not entitled to a COA on the ground that the state court's competency finding is not entitled to deference because of the lack of adequate funding for a thorough mental health examination, because alleged deficiencies in state habeas proceedings are not a basis for federal habeas relief. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does *not* entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and *not* the detention itself." (emphasis added; internal quotation marks and citation omitted)), *cert. denied*, 518 U.S. 1022 (1996); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) ("infirmities in state habeas proceedings do *not* constitute grounds for federal habeas relief" (emphasis added)), *cert. denied*, 507 U.S. 1056 (1993).

### B.

COA request 2 concerns Delk's related claim that the district court erred by refusing to fund a mental health examination and conduct an evidentiary hearing to determine his competency to participate in federal habeas proceedings. He maintains such a

11

hearing is required by *Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000).

The district court adopted the magistrate judge's recommendation that Delk's claim of incompetence to assist his attorney in the federal proceeding could be resolved on the basis of the state court's findings. In denying a COA for this claim, the district court noted that the evidence presented by Delk did not raise a bona fide doubt as to his competency, and stated that Delk had not demonstrated "why a reasonable person might find" otherwise.

Delk is not entitled to a COA on this claim because he has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling". *Slack*, 529 U.S. at 484. As is the case in regard to his claim regarding competency to proceed at state habeas, Delk cites no authority holding that the Constitution requires a death row inmate to be mentally competent to assist counsel in pursuing federal habeas relief; therefore, this claim is also *Teague*-barred.

Contrary to Delk's assertion, *Mata* does not mandate a federal evidentiary hearing on his claim of incompetency to participate in federal habeas proceedings. *Mata* dealt with "whether the district court conducted a constitutionally adequate fact-finding inquiry to

12

make a reliable determination of Mata's competency to abandon collateral review of his capital murder conviction and sentence". *Mata*, 210 F.3d at 327. *Mata* applied Supreme Court precedent requiring that a habeas petitioner be competent to abandon collateral review in a capital case. *Id*. at 327-28. There is no similar constitutional requirement that a petitioner be competent to participate in a federal habeas proceeding; accordingly, the district court was not required to conduct an evidentiary hearing on Delk's competence to participate. *See* **Hicks v. Wainwright**, 633 F.2d 1146, 1150 (5th Cir. Unit B 1981) ("When the only question is legal rather than factual no evidentiary hearing is needed."), *quoted in* **Barrientes**, 221 F.3d at 770.

### C.

Delk's COA request 5 concerns his claim that the trial court violated his Sixth and Fourteenth Amendment rights by excusing for cause nine venire members on the ground that they could not impose death as a penalty.

"[T]he proper standard for determining when a prospective juror may be excluded for cause because of his or her views on capital punishment ... is whether the juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath". **Wainwright v. Witt**, 469 U.S. 412, 424 (1985) (internal quotation marks omitted). A venire member's being excused for cause is an implicit finding of

13

bias, which is presumptively correct under 28 U.S.C. § 2254(e)(1). *See id.; see also* **McFadden v. Johnson**, 166 F.3d 757, 758 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999); **Williams v. Collins**, 16 F.3d 626, 633 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994).

The state habeas court found Delk failed to meet his burden of proving the nine venire members had not disqualified themselves by their statements to the trial judge, considered in the context of their accompanying demeanor and vocal inflections, that, because of their views on capital punishment, they could not answer the special issues affirmatively based on the evidence. The district court denied relief on this claim because the record demonstrated the nine were properly excused because they could not follow the law.

Delk is not entitled to a COA for this claim because he has not demonstrated that "reasonable jurists would find the district court's assessment of [this] claim[] debatable or wrong". **Slack**, 529 U.S. at 484. As the district court noted, the record supports the trial court's presumptively-correct, implicit finding that the nine unambiguously stated they would *not* administer a death sentence under any circumstances. Delk has not rebutted these presumptively-correct findings, nor has he demonstrated the state trial court's rulings were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. § 2254(d)(2).

14

Delk's COA request 7 concerns his claim that the Court of Criminal Appeals' refusal, at state habeas, to fund needed discovery and to compel the attendance of Tina Delk, Richard Frye, and the prosecutor's former investigator at the state habeas evidentiary hearing denied him full and fair consideration of his *Brady* and *Strickland* claims, which rendered their denial unworthy of deference by the district court.

Delk's *Brady* claim, asserted in his state habeas application, but not as a ground for federal habeas relief, was: the prosecution failed to disclose that Florida authorities did not intend to prosecute Delk for the Florida murder which Tina Delk had reported to them; and this could have been used to impeach Tina Delk's testimony at the penalty phase (that Delk told her he had committed that murder). During the state habeas proceeding, Delk expanded his *Brady* claim to include allegations that the prosecution failed to disclose Tina Delk had been a child prostitute with mental problems.

Among the *Strickland* claims asserted by Delk in his state habeas application, and as grounds for federal habeas relief, were that counsel rendered ineffective assistance: at voir dire, by failing to attempt to rehabilitate the nine persons excused for cause; and at the penalty phase, by failing to investigate both the

15

backgrounds of the State's witnesses for impeachment material and Delk's mental health.

The state habeas court found: Delk's "writ counsel's efforts to induce the Court to issue bench warrants, subpoenas and to authorize[] out of state depositions for the stated purpose of obtaining 'impeachment information' about state witnesses, have never been accompanied by any representation or allegation by writ counsel that would lead a rational [trier] of the facts to believe that these efforts are anything more than a 'fishing expedition'"; and Delk did not satisfy his burden of proving the State failed to furnish him with adequate financial resources to timely investigate and present his claims. It concluded that trial courts in post-conviction habeas proceedings are not required to compel attendance or testimony of witnesses who testified at trial, absent a showing they "have testimony to offer which would if taken as true establish grounds for habeas relief".

Regarding Delk's claim that the Texas state courts did not adequately fund his habeas proceeding to allow full development of the record, the magistrate judge recommended a constitutional claim was not stated. The district court adopted that recommendation, and also denied Delk's request for an abatement of the federal proceeding until his counsel had additional time to complete background investigations of Frye and Tina Delk. The district court observed: Delk was given an adequate opportunity to present any factual claims in state court; his claims were the subject of

16

a state evidentiary hearing; and no further discovery was necessary.

Delk is not entitled to a COA for this claim because he has not demonstrated "reasonable jurists would find the district court's assessment of [this] claim[] debatable or wrong". *Slack*, 529 U.S. at 484. As discussed *supra*, infirmities in state habeas proceedings do not constitute grounds for federal habeas relief. In any event, the state court's refusal to allow discovery for this claim, or to finance a Chicago-area investigation of the backgrounds of Tina Delk and Frye, was not unreasonable, because Delk's claim that discovery and funding of such an investigation would likely reveal more useful impeachment information is speculative. *See* **Murphy v. Johnson**, 205 F.3d 809, 814 (5th Cir.) ("Allegations that are merely 'conclusionary' or are purely speculative *cannot* support a **Brady** claim."), *cert. denied*, 121 S. Ct. 380 (2000); *see also* **id.** at 816-17 (federal rules governing § 2254 cases do *not* "authorize fishing expeditions").

## III.

For the foregoing reasons, a COA is

*DENIED.*

17