IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-2747

_____

ROBERT NELSON DREW,

Petitioner,

v.

JAMES A. COLLINS, Director, Texas
Department of Criminal Justice,
Institutional Division,

Respondent.

_____

On Application for a Certificate of
Probable Cause and Stay of Execution
_____

(October 11, 1993)

Before KING, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:

Robert Nelson Drew (Drew), currently confined on death row in the Texas Department of Criminal Justice, Institutional Division, instituted his second federal habeas corpus petition in the United States District Court for the Southern District of Texas on October 4, 1993, pursuant to 28 U.S.C. § 2254. He requested that the district court stay his execution, order an evidentiary hearing, and issue a writ of habeas corpus vacating his death sentence. He is scheduled for execution on October 14, 1993. On October 7, 1993, the district court denied Drew all relief and denied Drew a certificate of probable cause (CPC).

Drew appeals to this court for a CPC and for a stay of execution. Because we find that there has been no substantial showing of the denial of a federal right, we deny his application for a CPC. Furthermore, because Drew does not demonstrate substantial grounds upon which relief might be granted, we deny his motion for a stay of execution.


I.   BACKGROUND

Because the background facts of this case are set out in full in our earlier opinion, Drew v. Collins, 964 F.2d 411, 413-15 (5th Cir. 1992), cert. denied, 113 S. Ct. 3044 (1993), only a brief recitation of the pertinent facts will be presented here. On December 3, 1983, Drew was convicted in Texas state court of capital murder and received a death sentence.  His conviction and sentence were affirmed by the Texas Court of Criminal Appeals on September 30, 1987.  Drew v. State, 743 S.W.2d 207 (Tex. Crim. App. 1987).

The state trial court originally set Drew's execution date for May 4, 1988, but postponed the execution until June 16, 1988, by order dated April 28, 1988.  It should be noted that the April 28 execution order was signed by the state trial judge with a drawing of a smiling face by his signature.  Drew also filed his first habeas petition in state court on April 28, 1988, and in response to the State's answer he filed an amended petition on June 8, 1988.  Drew made no complaint in either petition regarding the drawing of the smiling face on the execution order.

2

The state trial court recommended denial of the writ, and the Court of Criminal Appeals adopted the trial court's recommendation. On the same day the Court of Criminal Appeals denied his petition, Drew filed a notice for stay of execution and a habeas petition in federal district court. The district court granted the stay of execution and subsequently denied habeas relief on February 20, 1991. The district court granted Drew a CPC on July 31, 1991. On June 18, 1992, a panel of this court affirmed the district court's denial of relief. Drew, 964 F.2d at 423. The Supreme Court denied Drew's petition for writ of certiorari on June 28, 1993.

On June 15, 1993, the same state trial court that had set Drew's original execution date set Drew's execution date for October 14, 1993. The state judge who set the execution date did so by letter and order, again signing each with a drawing of a smiling face next to his signature. Drew then filed a second application for habeas corpus and request for stay of execution in state court, alleging that the drawing violated his First and Eighth Amendment rights. The Texas Court of Criminal Appeals denied the application for habeas relief by written order on September 30, 1993. Drew then filed his petition for habeas relief in federal district court. The State responded to the petition and moved to dismiss for abuse of the writ.

On October 7, 1993, the district judge denied Drew's request for relief and refused to issue a CPC. The judge granted the State's motion to dismiss for abuse of the writ because the state

3

trial judge had used the same smiling face symbol after his signature on the 1988 execution order as that used on the instant execution order. Thus, "the same claim was available to Petitioner to raise in his first habeas application after the judge signed his initial execution order." The district court also refused to grant Drew's request for a stay of execution because it found no substantial ground for relief in this second habeas petition.

## II. STANDARD OF REVIEW

We will grant a CPC to appeal only if the applicant can make a substantial showing of the denial of a federal right. Barefoot v. Estelle, 463 U.S. 880, 893 (1983). This standard does not require petitioner to show that he would prevail on the merits, but does require him to show the issues presented are debatable among jurists of reason. Id. at 893 n.4. If the district judge denies the CPC, as in the instant case, we will review the probable cause determination using the same "substantial showing of the denial of a federal right" test. See Buxton v. Collins, 925 F.2d 816, 817, 819 (5th Cir.), cert. denied, 498 U.S. 1128 (1991); Celestine v. Butler, 823 F.2d 74, 76, 77 (5th Cir.), cert. denied, 483 U.S. 1036 (1987). Essentially the same test applies to an application for stay of execution. Delo v. Stokes, 110 S. Ct. 1880, 1881 (1990) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon

4

which relief might be granted.'" (quoting <u>Barefoot</u>, 463 U.S. at 895)).  The basic question posed in this case is whether this second federal petition was properly dismissed as an abuse of the writ.

III.  ANALYSIS

Drew argues that the state trial judge's drawing of a smiling face after the judge's signature on the letter and order of execution (1) constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and (2) constitutes a violation of the Establishment Clause of the First Amendment to the United States Constitution. We may review the merits of Drew's claims only if this second petition does not constitute an abuse of the writ.[1]

*Abuse of the Writ*

A second or successive petition for writ of habeas corpus may be dismissed if it fails to allege new or different grounds for relief; further, even if new grounds are alleged, the petition may be dismissed if the judge finds that the failure to assert those grounds in a prior petition constituted an abuse of the writ.  Rule 9(b), Rules Governing Section 2254 Cases.  The Supreme Court addressed the standards for determining when a

---

[1] Although, for the reasons noted, we do not address the merits of Drew's constitutional claims, we note in passing that not every instance of inappropriate behavior by a state actor rises to the level of a constitutional violation.

5

petitioner has abused the writ in McCleskey v. Zant, 111 S. Ct. 1454 (1991). In McCleskey, the Court held that "the same standard used to determine whether to excuse state procedural defaults should govern the determination of inexcusable neglect in the abuse of the writ context," id. at 1468, i.e., a cause and prejudice analysis. Id. at 1470.

The cause and prejudice standard applies to the abuse of the writ inquiry in the following way. After the State raises the issue of writ abuse, the petitioner bears the burden of showing cause and prejudice. Id. The requirement of "cause" in the abuse of the writ context is based on the petitioner's obligation to conduct a reasonable and diligent investigation aimed at including all relevant grounds for relief in his first federal habeas petition. Id. at 1472. "If what the petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant." Id.

We applied the McCleskey analysis in the instructive case of Jones v. Whitley, 938 F.2d 536 (5th Cir.), cert. denied, 112 S. Ct. 8 (1991). The successive petitioner, Andrew Lee Jones, alleged that, during his incarceration leading up to and through his capital murder trial, the State had regularly administered anti-psychotic and anti-depressant drugs to him. Id. at 541. He argued that neither he nor his counsel were aware of this and that the State's failure to disclose the evidence of the use of psychotropic medication constituted an "objective factor" that

6

interfered with his discovery of the claim.  Id.  We disagreed, noting that his counsel were "at every stage of the proceedings at least on notice of his mental problems."  Id.  Significantly, we observed that "[g]iven [counsel's] background knowledge and counsel's experience as public defenders, defense counsel knew or with reasonable diligence could have found out that Jones was under constant psychotropic medication at the jail."  Id. (emphasis added).  There was no "external impediment" to the discovery of the use of medication.  Id. at 542 (quoting McCleskey, 111 S. Ct. at 1472).

The instant case is similar to Jones in that there was no external impediment to Drew's discovery of the constitutional claims he now raises in this second petition.  Indeed, the record excerpts filed by his counsel in the course of his first federal habeas petition contain two documents signed by the state trial judge, each bearing the characteristic smiling face symbol.  As we have already noted, the April 28, 1988, execution order also bore the smiling face symbol.  It cannot be seriously argued that petitioner and his counsel were not "at least on notice" of these identical constitutional claims based on the state trial judge's characteristic drawing on the 1988 execution order.

Drew's attempt to avoid McCleskey by challenging only the 1993 execution order cannot succeed.  The smiling face drawing now being challenged appeared on documents pertaining to Drew's execution at least as early as 1988.  His current constitutional claims could have been discovered and raised in the exercise of

7

reasonable diligence in his first federal habeas petition.  Under McCleskey, this fact alone is sufficient to bar Drew's current petition as an abuse of the writ.

In short, Drew is unable to show that, at the time he filed his first petition, he was not free to make the argument he advances here.

## IV.

For these reasons, Drew's second federal habeas petition constitutes an abuse of the writ.  He has failed to make a substantial showing of the denial of a federal right.  We therefore do not reach the merits of his claims.

The request for Certificate of Probable Cause is DENIED; the motion for stay of execution is DENIED.

8