**Dwight Dwayne ADANANDUS,
Petitioner,**

v.

**Gary JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

**Civil No. SA–95–CA–415.**

United States District Court,
W.D. Texas,
San Antonio Division.

Oct. 18, 1996.

---

Stephanie L. Stevens, San Antonio, TX, for petitioner.

Gena A. Blount, Office of the Texas Attorney General, Austin, TX, for respondent.

### ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY

BIERY, District Judge.

The matter before the Court is petitioner's motion for certificate of appealability, filed October 11, 1996.[1] In the motion, petitioner requests that the Court grant petitioner a "certificate of appealability" to proceed on appeal in this federal habeas corpus proceeding.

■ The Antiterrorism and Effective Death Penalty Act of 1996[2] ["AEDPA"] converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "certificate of appealability."[3] A certificate of appealability

will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[4] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[5]

Petitioner identifies three issues which he intends to pursue on appeal from this Court's judgment, i.e., petitioner's claims the prosecution failed to turn over to defense counsel the transcript of a guilty plea hearing from a prior criminal proceeding against the petitioner, petitioner's trial counsel rendered ineffective assistance by failing to investigate and present potential mitigating evidence, and the state trial court erred in denying petitioner's requests for jury instructions on lesser-included offenses at the guilt-innocence phase of trial. This Court rejected each of these arguments on the merits in the course of disposing of petitioner's second amended federal habeas corpus petition and petitioner's motion to alter or amend judgment. As explained above, however, the standard for granting a certificate of appealability is whether the petitioner has raised an issue which is debatable among jurists of reason, could have been resolved in a differ-

1. *See* docket entry no. 35.

2. *See* Pub.L. No. 104–132, 110 Stat. 1214.

3. *See Reyes v. Keane*, 90 F.3d 676, 680 (2nd Cir.1996); *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir.1996) (both holding the certificate of appealability required under the AEDPA is the successor to the old "certificate of probable cause" and the standard for issuing both certificates is the same despite some change in the operative language between prior case law and the AEDPA). The Ninth Circuit, however, has reached a contrary conclusion. *See Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir.1996) (holding the standard for granting a certificate of appealability is more demanding than that required for the issuance of the former certificate of probable cause).

4. *See Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir.1996); *Harris v. Johnson*, 81 F.3d 535, 538 (5th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct.

1863, 134 L.Ed.2d 961 (1996); *Jacobs v. Scott*, 31 F.3d 1319, 1323 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 711, 130 L.Ed.2d 618 (1995); *Drew v. Collins*, 5 F.3d 93, 95 (5th Cir.1993), *cert. denied*, 510 U.S. 1171, 114 S.Ct. 1207, 127 L.Ed.2d 555 (1994); *Sawyers v. Collins*, 986 F.2d 1493, 1497 (5th Cir.), *cert. denied*, 508 U.S. 933, 113 S.Ct. 2405, 124 L.Ed.2d 300 (1993); *Bridge v. Collins*, 963 F.2d 767, 770 (5th Cir.1992), *cert. denied*, 509 U.S. 925, 113 S.Ct. 3044, 125 L.Ed.2d 729 (1993); *White v. Collins*, 959 F.2d 1319, 1321–22 (5th Cir.), *cert. denied*, 503 U.S. 1001, 112 S.Ct. 1714, 118 L.Ed.2d 419 (1992); *May v. Collins*, 955 F.2d 299, 307 (5th Cir.), *cert. denied*, 504 U.S. 901, 112 S.Ct. 1925, 118 L.Ed.2d 533 (1992); *Byrne v. Butler*, 845 F.2d 501, 505 (5th Cir.1988).

5. *See Barefoot v. Estelle*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4; *Washington v. Johnson*, 90 F.3d at 949; *Newby v. Johnson*, 81 F.3d at 569; *Harris v. Johnson*, 81 F.3d at 538; *Jacobs v. Scott*, 31 F.3d at 1323; *Drew v. Collins*, 5 F.3d at 95; *Sawyers v. Collins*, 986 F.2d at 1497; *White v. Collins*, 959 F.2d at 1322; *May v. Collins*, 955 F.2d at 307; *Byrne v. Butler*, 845 F.2d at 505.

ent manner, or adequate·to deserve encouragement to proceed further.[6]

■ For the reasons set forth at length in this Court's Memorandum Opinion and Order issued August 27, 1996,[7] and this Court's Order Denying Petitioner's Motion to Alter or Amend Judgment issued September 19, 1996,[8] this Court finds petitioner's first proffered claim, i.e., his *Brady* claim, is completely frivolous.[9] Petitioner's ineffective assistance claims and his arguments regarding the state trial court's failure to submit jury instructions on various lesser-included offenses were rejected on the merits by this Court in both its Memorandum Opinion and Order and the Court's subsequent order denying petitioner's motion to alter or amend judgment. However, unlike petitioner's *Brady* claim, those arguments are not facially frivolous but rather are arguably debatable among jurists of reason to the extent that another court could have resolved those issues in a manner different from this Court. Therefore, those issues are adequate to deserve encouragement to· proceed further. Petitioner's ineffective assistance claims and complaints regarding the state trial court's failure to give jury instructions on lesser-included offenses raise constitutional issues and are sufficient to establish a substantial showing of a constitutional right. For the foregoing reasons, petitioner's motion requesting a certificate of appealability will be granted.

Accordingly, it is hereby **ORDERED** that petitioner's motion for certificate of appealability, filed October 11, 1996,[10] is **GRANTED.**

---

6. *Id.*

7. *See* docket entry no. 31.

8. *See* docket entry no. 34.

9. As explained in this Court's Memorandum Opinion and Order, the petitioner and his mother were each fully aware that he had entered a guilty plea in the previous criminal proceeding and of the circumstances under which the state district court had accepted that plea. *See United States v. Aubin,* 87 F.3d 141, 148 (5th Cir.1996) (holding defendant must show the information was unavailable to him despite the exercise of

due diligence and that *Brady* does not require the prosecution to conduct a defendant's investigation or to assist in the presentation of the defense's case). Petitioner has alleged no facts showing that the prosecution actually withheld any information from the defense which was otherwise unavailable to the defendant. On the contrary, the petitioner had personal knowledge of the very facts which petitioner now claims were withheld from defense counsel.

