09-2043-cr
*United States v. Weingarten*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:   JOSÉ A. CABRANES,
                 RICHARD C. WESLEY,
                 DEBRA ANN LIVINGSTON,
                                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

             *Appellee*,

      v.                                                    09-2043-cr

ISRAEL WEINGARTEN,

             *Defendant-Appellant*.

---

                              ANDREA GOLDBARG, Assistant United States
                              Attorney (Jo Ann M. Navickas, Assistant United
                              States Attorney, *on the brief*), *for* Benton J. Campbell,
                              United States Attorney, Eastern District of New York,
                              Brooklyn, NY, *for Appellee.*

                              STANLEY NEUSTADTER, New York, NY
                              (Demosthenes Lorandos and Ashish S. Joshi,
                              Lorandos & Associates, Ann Arbor, MI, *on the brief*),
                              *for Defendant-Appellant.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of conviction appealed from is **AFFIRMED IN PART**, **REVERSED IN PART**, and **REMANDED**.

Defendant-Appellant Israel Weingarten ("Weingarten") appeals from a May 8, 2009, judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), sentencing him to a total of 30 years' imprisonment and three years' supervised release following his conviction by a jury on two counts of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and three counts of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). In an accompanying opinion filed today, we assess the meaning of § 2423(b)'s requirement that a defendant "travel[] in foreign commerce," and reverse Weingarten's conviction pursuant to Count Three on the basis of our interpretation of that text. In this summary order, we reject his other challenges on appeal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Weingarten raises two additional issues on appeal: (1) whether he knowingly and voluntarily waived his right to counsel and elected to proceed *pro se*; and (2) assuming he did so, whether the district court abused its discretion in refusing to allow him hybrid representation, with Weingarten examining some witnesses *pro se* and a retained "cross-examinator" questioning others. We consider each issue in turn.

The Sixth Amendment guarantees criminal defendants the right to counsel, *see, e.g.*, *United States v. Tracy*, 12 F.3d 1186, 1191 (2d Cir. 1993), but a defendant also "has a constitutional right to waive the right to assistance of counsel and present [his] own defense *pro se*, if the decision is

made 'knowingly and intelligently,'" *Clark v. Perez*, 510 F.3d 382, 394-95 (2d Cir. 2008) (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)). A defendant who elects to proceed *pro se* "need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation." *Faretta*, 422 U.S. at 835. Nonetheless, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). "To ensure the waiver is knowing and intelligent, a trial court should engage the defendant in an on-the-record colloquy" sufficient to persuade the court "[f]rom defendant's answers and from its own observations . . . [that] the waiver is a rational one, and that defendant has the mental capacity to comprehend the consequences of relinquishing a constitutional right." *United States v. Schmidt*, 105 F.3d 82, 88 (2d Cir. 1997).

Weingarten asserts that his decision to proceed *pro se* was neither knowing nor voluntary, in that, *inter alia*, it followed the district court's refusal to dismiss his attorneys prior to trial and to grant him a continuance so that he could obtain new counsel. In *United States v. Oberoi*, 547 F.3d 436 (2d Cir. 2008), *abrogated on other grounds by Bloate v. United States*, 130 S. Ct. 1345 (2010), we addressed a defendant's contention that his guilty plea was invalid because, a week before trial, the district court had refused to appoint new defense counsel, leaving him the choice of proceeding with existing counsel or *pro se*. We observed:

> In *Schmidt*, we rejected the defendant's claim that "she was coerced into self-representation because the district court, on the eve of trial, refused to replace her third court-appointed attorney." As a general matter, a district court "may not compel defendant to proceed with incompetent counsel." But "[b]ecause the right to counsel of one's choice is not absolute, a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing." And "[o]n the eve of trial, just as during trial, a defendant can only substitute new counsel when unusual circumstances are found to exist, such as a complete breakdown of communication or an

3

irreconcilable conflict."

*Oberoi*, 547 F.3d at 458 (internal citations omitted); *see also Wilson v. Walker*, 204 F.3d 33, 38 n.3 (2d Cir. 2000) ("[A] defendant is not deemed to have equivocated in his desire for self-representation merely because he expresses that view in the alternative, simultaneously requests the appointment of new counsel, or used it as a threat to obtain private counsel." (quoting *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994))).

A careful review of the record in this case indicates that the district court did not abuse its discretion in finding that relief of Weingarten's counsel was unwarranted. *See United States v. Carreto*, 583 F.3d 152, 158 (2d Cir. 2009) ("To determine whether the trial court abused its discretion, we consider: (1) the timeliness of defendant's request for new counsel; (2) the adequacy of the trial court's inquiry into the matter; (3) whether the conflict resulted in a total lack of communication between the defendant and his attorney; and (4) whether the defendant's own conduct contributed to the communication breakdown."). Weingarten's request to relieve counsel came just five business days before his trial was scheduled to begin, at which point his attorneys had been representing him for months. Nevertheless, the district court conducted a detailed inquiry into Weingarten's concerns, and after reviewing his complaints and hearing from counsel, adequately satisfied itself that there was neither a complete breakdown of communication nor an irreconcilable conflict. *Cf. id.* at 154, 158-59. Finally, Weingarten's statements, those of counsel, and the district court's post-trial order denying Weingarten's motion for a new trial all suggest that Weingarten and his supporters—the persons he referred to throughout trial as "his people"—shared much of the blame for any disharmony between Weingarten and his attorneys. All four of the factors described in *Carreto*, in other words, indicate that the district court did not abuse its discretion in denying

Weingarten's last minute request to relieve counsel. Nor was it an abuse of discretion for the district court to deny Weingarten's motion for a continuance to obtain additional counsel. *See United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir. 1996); *United States v. Rosenthal*, 470 F.2d 837, 844 (2d Cir. 1972) ("Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." (quoting *United States v. Llanes*, 374 F.2d 712, 717 (2d Cir. 1967))).

We similarly reject Weingarten's assertions that he "never intended" to waive his right to counsel and that the district court's inquiry into whether his waiver was knowing and intelligent was inadequate. Although, as discussed above, Weingarten felt that the denial of his requests to relieve counsel and for a continuance left him "no choice," the choice he made could not have been clearer. In response to the question, "[D]o you want to represent yourself here?", Weingarten stated, "I have to do it, because I know my case better than anyone." Trial Tr. at 13. He responded similarly to the district court's questions regarding his choice on several additional occasions. *See* Trial Tr. at 14, 15, 18. Moreover, the district court spoke at length with Weingarten about his decision and warned him of the ramifications of proceeding *pro se* before ultimately satisfying itself that Weingarten had made a knowing and intelligent waiver.

Finally, we review the district court's decision to deny Weingarten hybrid representation for abuse of discretion. *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989). Upon a review of the record, we conclude that the district court's denial of hybrid representation was well "within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted).

We have considered Weingarten's remaining arguments and find them to be without merit.

For the foregoing reasons, and for the reasons stated in the accompanying opinion issued today, Weingarten's conviction under Count Three is **REVERSED**, his convictions under the remaining counts in this case are **AFFIRMED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk