15-923
*Weingarten v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
                RICHARD C. WESLEY,
                CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

ISRAEL WEINGARTEN,

            *Petitioner-Appellant,*

     -v.-                                    15-923

UNITED STATES OF AMERICA,

            *Respondent-Appellee.*

FOR APPELLANT:      TODD W. BURNS, Burns & Cohan, San Diego, CA (Jodi D. Thorp, Clarke, Johnston, Thorp & Rice, San Diego, CA, *on the brief*).

1

FOR APPELLEE:     JENNIFER M. SASSO, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rhode, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of said District Court be and it

hereby is **AFFIRMED**.

Petitioner-Appellant Israel Weingarten, currently serving a thirty-year

sentence following convictions of two counts of transporting a minor in foreign

commerce for the purpose of engaging in criminal sexual activity and two counts

of travel in foreign commerce for the purpose of engaging in sexual conduct with

a minor in violation of 18 U.S.C. § 2423, appeals the District Court's denial of his

petition for relief under 28 U.S.C. § 2255.  In an opinion also issued today, we

affirm a portion of the District Court's order pertaining to Weingarten's statute of

limitations defense.  We AFFIRM the remaining issues on appeal[1] in this

---

[1] In addition to the statute of limitations issue, this Court granted Weingarten's motion for a certificate of appealability to address: (1) whether trial counsel rendered ineffective assistance in failing to prepare for trial and failing to object to the District Court's consideration of Weingarten's *pro se* cross-examination conduct in imposing sentence, and (2) whether alleged government misconduct deprived Weingarten of a fair trial.

summary order. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

## I. Standard of Review

We review *de novo* ineffective assistance of counsel claims on an appeal from a denial of relief under § 2255. *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009). We also review *de novo* prosecutorial misconduct claims on an appeal from a denial of relief under § 2255. *See United States v. Cuervelo*, 949 F.2d 559, 567 (2d Cir. 1991).

## II. Trial Counsel's Preparation

Weingarten argues he was denied his Sixth Amendment right to counsel because the District Court forced him to choose between proceeding to trial *pro se* or with trial counsel with whom Weingarten could not effectively communicate. We resolved whether Weingarten was entitled to eve-of-trial relief of counsel in his first direct appeal. We concluded that "the district court conducted a detailed inquiry into Weingarten's concerns, and after reviewing his complaints and hearing from counsel, adequately satisfied itself that there was neither a complete breakdown of communication nor an irreconcilable conflict." *United*

3

*States v. Weingarten*, 409 F. App'x 433, 436 (2d Cir. 2011). We also held that there was no evidence to suggest the District Court should have granted Weingarten's belated request for a continuance or relief from counsel after they had represented him ably for months. *Id.* at 435–36. The arguments Weingarten raises here either were resolved or are implicitly covered by the reasoning of that prior decision. The "law of the case" doctrine therefore bars us from considering their merits on collateral attack. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (noting that, at the appellate level, "the law of the case rule" bars re-litigation of issues on collateral attack that were "already decided on direct appeal").

Weingarten also argues that trial counsel were constitutionally ineffective because they did not adequately investigate the facts underlying the allegations in the indictment and otherwise failed to prepare for trial. As the Supreme Court has explained, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In the context of an ineffectiveness claim, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure

4

of deference to counsel's judgments." *Id.* Here, the record does not establish that counsel's conduct in preparing for trial was objectively unreasonable. Counsel litigated Weingarten's case vigorously ahead of trial, and they made reasonable efforts to work with Weingarten to rebut the government's case, especially in light of the unique difficulties and circumstances of this trial. *See Weingarten*, 409 F. App'x at 436 (noting that "Weingarten and his supporters—the persons he referred to throughout trial as 'his people'—shared much of the blame for any disharmony between Weingarten and his attorneys"). Contrary to Weingarten's arguments on appeal, the duty to investigate does not "compel defense counsel to investigate comprehensively every lead or possible defense," nor are counsel required "to scour the globe on the off-chance something will turn up." *Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005).

Finally, the District Court did not err in denying Weingarten's § 2255 petition without holding an evidentiary hearing. The parties' extensive written submissions and supporting materials were sufficient for the District Court to adjudicate Weingarten's claims of ineffective assistance. *See Puglisi*, 586 F.3d at 215.

### III. Counsel's Failure to Object at Sentencing

Weingarten argues his counsel at sentencing was ineffective because she failed to object when the District Court, in Weingarten's view, punished him for proceeding *pro se* and for exercising his constitutional right to confront the witnesses against him. In fact, the District Court did not punish Weingarten for proceeding *pro se* or for cross-examining the Government's witnesses in fashioning its sentence. Rather, the court cited the *abusive manner* in which Weingarten exercised his right of self-representation as context for its sentencing decision. It was reasonable for Weingarten's counsel to believe that it was proper for the District Court to consider that information. *See Strickland*, 466 U.S. at 687–88.

### IV. Government Misconduct

Finally, Weingarten argues the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), by admitting into evidence a handwritten repentance letter found in Weingarten's pocket, by suggesting to the jury that two members of Weingarten's religious community, Principal Stauber and Rabbi Weis, corroborated the claims of sexual abuse, and by failing to disclose information about this evidence to the defense.

For Weingarten to prevail on his *Brady* claim, he must show that (1) the Government suppressed (2) evidence in its possession favorable to the defense (3) resulting in prejudice to his defense. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004).

Weingarten argues the Government did not comply with its *Brady* obligations with respect to the handwritten letter because (a) he told the Government and the Court that he did not write the letter and (b) because the Government did not disclose to Weingarten a second page of the letter. Weingarten cannot make out a *Brady* claim on a theory that the Government suppressed statements Weingarten himself made. *See DiSimone v. Phillips*, 461 F.3d 181, 197 (2d Cir. 2006) ("Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence."). Weingarten's contention that the Government failed to disclose a supposedly exculpatory second page of the letter is speculative and lacks evidentiary support. He merely states that, because the Government has an affirmative duty to investigate fully each prosecution, "[i]t seems likely the [G]overnment . . . learned that Weingarten did not write the letter." Appellant's Br. 70. That cannot support a *Brady* claim. *See United States*

7

*v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) ("*Brady* clearly does not impose an affirmative duty upon the [G]overnment to take action to discover information which it does not possess." (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) ("[T]he [G]overnment has the obligation to turn over evidence *in its possession* that is both favorable to the accused and material to guilt or punishment." (emphasis added)).

Weingarten also contends the Government violated *Brady* by failing to disclose that Principal Stauber and Rabbi Weiss told FBI agents they doubted Weingarten's daughter's allegations. "Suppressed impeachment evidence is material if the witness whose testimony is attacked supplied the only evidence linking the defendant(s) to the crime, or where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." *United States v. Diaz*, 176 F.3d 52, 108 (2d Cir. 1999) (internal quotation marks omitted). Importantly, neither Principal Stauber nor Rabbi Weiss testified at trial, and any suggestion by the Government that these individuals had corroborated the claims of sexual abuse was not the sole evidence linking Weingarten to the abuse. Nor are we persuaded that these two uncorroborated

8

statements would have sufficiently undermined Weingarten's daughter's testimony regarding his sexual abuse.

To prevail on his *Napue* claim, Weingarten must prove, *inter alia*, the Government knowingly allowed false evidence to be admitted. *See United States v. Vozzella*, 124 F.3d 389, 393 (2d Cir. 1997). As noted above, Weingarten provides only speculation—not proof—that the Government knew he did not write the handwritten repentance letter. And Weingarten fails to show the record evidence pertaining to Principal Stauber and Rabbi Weiss was false.

## V.     Conclusion

We have considered Weingarten's remaining arguments and identify no basis for reversal. The order of the District Court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9