**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1769
_____

MELISSA LEE ROTHERMEL;
C. R., a minor;
CHAD ROTHERMEL, parent and natural guardian

v.

DAUPHIN COUNTY PENNSYLVANIA,
a Political Subdivision of the Commonwealth of Pennsylvania;
several unknown employees of Dauphin County;
COLONEL TYREE BLOCKER,
Commissioner of the Pennsylvania State Police, in his official capacity;
DAVID GRBICH, individually and in his official capacity
as an officer of Pennsylvania State Police;
several unknown officers of Pennsylvania State Police;
DALE KLEIN, in her official capacity as Dauphin County Clerk of Courts;
NICOLAS CHIMIENTI, JR., in his official capacity
as Sheriff of Dauphin County;
MATTHEW MILLER; RANDY ORLIC; GUS BROWN

Melissa Lee Rothermel,

Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.: 1-16-cv-01669)
District Court Judge: Christopher C. Conner

_____

Argued on April 22, 2021

(Filed June 24, 2021)

Before: AMBRO, RESTREPO and RENDELL, *Circuit Judges*.

Robert J. Daniels, Esq.
Scott P. Stedjan, Esq. [argued]
Killian & Gephart
218 Pine Street
P.O. Box 886
Harrisburg, PA 17101

     *Counsel for Appellant*

Howard G. Hopkirk, Esq. [argued]
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

     *Counsel for Appellees*

---

O P I N I O N[*]

---

**RENDELL**, *Circuit Judge*.

Pennsylvania State troopers mistakenly arrested Melissa Lee Rothermel under a bench warrant issued for the arrest of a person named Melissa Ann Rothermel.[1] The troopers mistakenly arrested Melissa Lee, whom they believed to be Melissa Ann, because, due to a clerical error, the warrant incorporated Melissa Lee's identifying information rather than Melissa Ann's. Melissa Lee sued, among others, the individual troopers involved and the Pennsylvania State Police, for, among other things, false arrest.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Melissa Ann's name has been spelled with slight variation in different contexts. For purposes of this appeal, we use this spelling unless otherwise noted.

The District Court granted summary judgment to Appellees and Melissa Lee appealed. We will affirm.

I.

As we write for the parties who are acquainted with the facts of this case, we provide the following background only as necessary to resolve this appeal.

On February 16, 2015, Melissa Lee and her daughter were driving home from a shopping trip. Trooper David Grbich, who was driving along the same route, noticed Melissa Lee's car had a 2014 inspection sticker. Grbich ran Melissa Lee's license plate through the state law enforcement records system. While the search showed that the car inspection was current, the search also showed that there was a potential match between the registrant of the car—Melissa Lee Rothermel—and the target of an outstanding bench warrant, a person named "Mellissa Ann Rothermel . . . a/k/a Melissa Ann Rothermel." App. 194.

Unbeknownst to Trooper Grbich and Melissa Lee, this match was made possible only by clerical errors committed six years earlier in connection with the prosecution of another woman with a similar name, Melissa Ann. In 2009, a police officer prepared a criminal complaint against Melissa Ann. In preparing the complaint, however, the officer misspelled Melissa Ann's name and, crucially, mistakenly incorporated Melissa Lee's identifying information. Though the complaint properly charged Melissa Ann, it erroneously described Melissa Ann as having Melissa Lee's identifying information.

This error went undetected by Melissa Ann, law enforcement, the courts, and various county government agencies for years. Indeed, Melissa Ann, despite the errors in

3

the complaint, pled guilty and was sentenced to probation. And, curiously, at various points, Melissa Ann confirmed that Melissa Lee's information was her own, thus preventing law enforcement from detecting the error.

Later, in 2011, Melissa Ann violated her probation and then failed to appear for her probation revocation hearing. Accordingly, the Dauphin County Court of Common Pleas ordered a bench warrant be issued for her arrest. In preparing the warrant, however, the clerk's office referred to the erroneous identification information first introduced by the police officer who prepared the criminal complaint in 2009. Thus, the warrant, like the initial criminal complaint, properly identified Melissa Ann, but improperly described Melissa Ann as having Melissa Lee's information.

Having no knowledge of these events, an unwitting Trooper Grbich stopped an unwitting Melissa Lee to investigate the possibility that she was wanted under a bench warrant. Melissa Lee gave Grbich her license and registration. He then radioed his dispatcher who confirmed with the Dauphin County Sherriff's Office that the bench warrant, which was issued about four years earlier, remained active. While Grbich noted that the warrant's target had a different middle name from Melissa Lee, nearly all other identifying information appearing in the records system matched. Melissa Lee's date of birth matched the date of birth listed. Melissa Lee's Social Security number, driver's license number, height, eye color, and sex all matched that of the warrant's target. While Melissa Lee's weight did not match, Grbich did not consider the mismatch a notable discrepancy because of the number of years that had elapsed since the issuance of the

4

warrant. Trooper Matthew Miller would later similarly discount the mismatch in weight because "people can gain weight." App. 221.

Having confirmed the bench warrant was active and having matched all identifying information but the middle name and weight of the warrant's target to Melissa Lee, Grbich arrested Melissa Lee over her claims of innocence. Grbich then radioed Trooper Matthew Miller to transport Melissa Lee to the Dauphin County Prison while Grbich transported Melissa Lee's daughter to a nearby friend's or relative's house. Melissa Lee remained in custody at the Dauphin County Prison for almost two days before authorities discovered that she had incorrectly been identified as Melissa Ann. After a hearing, the Dauphin County Court of Common Pleas acknowledged that the warrant it issued four years earlier erroneously incorporated Melissa Lee's identifying information instead of Melissa Ann's. Thus, the state court directed the warrant be "re-issued with the corrected information." App. 288.

Later, Melissa Lee initiated this civil rights suit against a host of governmental actors for their roles in her mistaken identification and arrest. The District Court granted summary judgment to the defendants and Melissa Lee filed this timely appeal. Ultimately, Melissa Lee voluntarily dismissed or settled all claims except those against individual Troopers Grbich and Miller and the Pennsylvania State Police.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo. Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785

5

F.3d 96, 100 (3d Cir. 2015). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the respondent, "no genuine dispute exists as to any material fact, and the moving party is entitled to judgment as a matter of law." Montone v. Jersey City, 709 F.3d 181, 189 (3d Cir. 2013).

III.

At base, Melissa Lee urges this Court to reverse the District Court's grant of summary judgment to Appellees because she was arrested under a bench warrant that "was clearly not valid." Appellant's Br. 14. We disagree.

While the bench warrant admittedly contained errors, principally the erroneous incorporation of some of Melissa Lee's identifying information rather than the named target's, the warrant was not invalid. Despite these errors, we conclude that the bench warrant was validly issued and supplied probable cause to arrest Melissa Ann. Troopers Grbich and Miller's arrest of Melissa Lee, though unfortunate, was, nevertheless, valid because their mistaken arrest was reasonable under the circumstances. Although we are sympathetic to the psychic and emotional injury endured by Melissa Lee, she was not arrested without probable cause in violation of the Constitution and, thus, she suffered no constitutional injury. As she suffered no constitutional injury, her claims, as the District Court rightly concluded, fail as a matter of law.

"[M]ere technical error[s] do[] not automatically invalidate [a] warrant." United States v. Carter, 756 F.2d 310, 313 (3d Cir. 1985). The question of whether any errors in a warrant render the warrant invalid turns on "whether there has been such a variance as to affect the substantial rights of the accused." Id. (quoting Cromer v. United States, 142

6

F.2d 697, 698 (D.C. Cir. 1944)) (internal quotation marks omitted).  An accused's

substantial rights are affected when the errors in a warrant affect "the elements of the

charged offense."  Id.

Here, the errors in the bench warrant under which Melissa Lee was arrested did

not affect the validity of the warrant because the errors did not affect Melissa Ann's—the

accused's—substantial rights.  The warrant correctly identified Melissa Ann as the target

of arrest for her failure to appear at her 2011 probation revocation hearing.  That clerical

error resulted in a misspelling of Melissa Ann's name and the mistaken incorporation of

Melissa Lee's identifying information into the warrant did nothing to undermine the

probable cause that existed to arrest Melissa Ann for her violation.  Thus, we agree with

the District Court's conclusion that "there can be no genuine dispute as to the validity of

the bench warrant issued for Melissa Ann."  App. 65.

Although Melissa Lee relies heavily upon our decision in Berg to support her

argument that the bench warrant was invalid, her reliance is misplaced.  Berg v. Cnty. of

Allegheny, 219 F.3d 261 (3d Cir. 2000).  In Berg, we held that "an erroneously issued

warrant cannot provide probable cause for an arrest."  Id. at 270.  There, we concluded

that where a warrant was erroneously issued for the arrest of the plaintiff who was

innocent of any crime, the warrant could not supply a constable with probable cause to

arrest him especially because the plaintiff presented dispositive, exculpatory evidence to

the constable at the time of arrest.  Id. at 267–68.  This case is distinct from Berg because

the bench warrant here was properly issued, though it contained clerical errors, for the

arrest of Melissa Ann who failed to appear for her 2011 court hearing. Unlike the plaintiff in Berg, who was innocent of any crime, Melissa Ann was not.

As the warrant supplied probable cause to arrest Melissa Ann, Troopers Grbich and Miller's arrest of Melissa Lee, while later proven to be mistaken, was valid. It is well-established that "when the police have probable cause to arrest one party, and [] they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." Hill v. California, 401 U.S. 797, 802 (1971) (quoting People v. Hill, 446 P.2d 521, 523 (Cal. 1968)).

In this case, Troopers Grbich and Miller, confronted with a warrant confirmed by the Dauphin County Sheriff's Office to be active and containing a description matching Melissa Lee in all respects but her middle name and weight, reasonably mistook Melissa Lee as the person sought by the warrant. The discrepancy in the middle name was easily discounted because the warrant provided one alias for the target by identifying "Mellisa Ann . . . a/k/a Melissa Ann." See Hill, 401 U.S. at 803 (recognizing that in law enforcement "aliases and false identifications are not uncommon"). Trooper Grbich himself also explained that the discrepancy in weight was of little relevance because of the "length of time that had passed since the warrant was issued—almost four years . . . ." App. 34. As the District Court noted, under these circumstances, "no rational juror could find that Troopers Grbich and Miller acted unreasonably." App. 68. Thus, their arrest of Melissa Lee was valid and did not violate the Constitution, and her claims against the troopers fail. And just as her claims against the troopers fail for this reason, so too does her claim against the Pennsylvania State Police fail. See Mullholland v. Gov't Cnty. of

8

Berks, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no [constitutional] violation in the first place, there can be no derivative municipal claim.").

Finally, even if we were to conclude that Melissa Lee's mistaken arrest was not justified by probable cause, we agree with the District Court that her claims against Troopers Grbich and Miller would also be barred by qualified immunity. "[Q]ualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mullenix v. Luna, 577 U.S. 7, 11 (2015) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)) (internal quotation marks omitted).

Whether qualified immunity applies depends on "(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the official's conduct." L.R. v. Sch. Dist. of Phila., 836 F.3d 235, 241 (3d Cir. 2016) (citing Pearson, 555 U.S. at 232). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). "Ordinarily, it is reasonable for an officer to assume that a warrant has been issued for probable cause . . . [and], [t]herefore, we have generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." Berg, 219 F.3d at 272–73. Of course, "an apparently valid warrant does not

9

render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." Id.

Here, not only do we conclude that Melissa Lee suffered no constitutional injury and, therefore, Troopers Grbich and Miller are entitled to qualified immunity for their conduct, but we also agree with the District Court's conclusion that they are further entitled to qualified immunity because "no rational juror could find that Trooper Grbich or Trooper Miller acted unreasonably." App. 68. As the District Court explained, the troopers "had probable cause to arrest based on a facially valid warrant and reasonably concluded—as any objectively reasonable officer could have based on a near-perfect match of identifiers—that Melissa Lee was the individual sought by that warrant." App. 69.

## IV.

For these reasons, we will affirm the District Court's order.